DIONISIO FELICIANO, Plaintiff and Appellant, *v.* RAFAEL ROSADO, Defendant and Appellee.

No. 8200. Argued June 17, 1940.—Decided July 26, 1940.

*Carlos D. Vázquez* for appellant. *Justo Casablanca* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This suit of unlawful detainer at will was brought in the District Court of San Juan. The complaint contains the usual averments about ownership of a house detained by the defendant. The first hearing was held on April 13, 1940, and the second on April 29.

The defendant, in a demurrer and his answer, charged the plaintiff with lack of capacity to sue. He sets up that the plaintiff is not the only owner of the property in question; that the said property was sold by Carmen Cartagena to the plaintiff with the right to repurchase. The parties filed in the court below a stipulation of facts and a copy of the deed of sale. On May 2, 1940, the District Court rendered judgment dismissing the complaint. The opinion contained the following findings of fact:

That according to the deed of February 16, 1939, Carmen Cartagena, the defendant's mother, sold to the plaintiff, Dionisio Feliciano, the property in question, with the right to repurchase it within four years; that said sale was for $1,100, which was owed by Rafael Rosado, the defendant, to Dionisio Feliciano; that Feliciano had attached Rosado's grocery store; that Rosado has been in possession of the house by virtue of the authority given him by Carmen Cartagena, and that he never surrendered possession to Feliciano, and has never paid any rent.

The court held that under section 1410 of the Civil Code the contract should be understood to be a mortgage; and that therefore Feliciano was not the owner, but a mortgagee, and that as such, he had no capacity to sue.

The plaintiff appeals. The case was heard on appeal on June 17.

██ Five errors have been assigned, but the main question is whether the contract was a sale or a mortgage. The stipulation of facts was:

"The plaintiff and defendant in this case appear through their respective attorneys of record, and so that it may be used as evidence of the averments of the complaint and the amended answer, submit the following stipulation of facts:

"1. That Rafael Rosado has the material possession of the property subject of the unlawful detainer suit, without having made any contract with the plaintiff and without paying any rent or consideration therefor.

"2. That Rafael Rosado has the material possession of the aforesaid property by authority granted by doña Carmen Cartagena, who in February 16, 1939, sold said property with the right of redemption, to the plaintiff. She had a term of four years from the date of execution of the deed to pay the $1,100 which the deed mentions. and obtain the reconveyance of the same from Feliciano

"3. That to the date of this stipulation, the $1,100 have not been paid by doña Carmen Cartagena nor anybody else in her name, nor has Mr. Feliciano executed a reconveyance.

"4. That Mr. Dionisio Feliciano has never been nor is at present in the material possession of the house object of the unlawful detainer proceeding, although he has taken action out of court to that effect.

"This is the stipulation of facts that they respectfully submit to this Honorable Court."

Section 1410 of the Civil Code (1930 ed.) says:

"In any of the following cases, sales of real estate on reversion shall be presumed to constitute a contract of loan for the amount of the price, with a mortgage on the property sold, as security:

"1. When the buyer fails to enter into material possession of the thing sold.

"2. When the vendor pays to the buyer interest on the selling price, though such interest may be called rental or otherwise.

"3. When a grossly inadequate sum appears in the contract, as the price of alienation."

No evidence was brought or averment made as to the interest. It may be assumed that no interest was paid or that $1,100 was a fair price for the house. But section 1410 requires only one of three conditions. The mere fact that Feliciano had never taken possession was enough to create the presumption.

The appellant sets up that in the stipulation the parties agreed that "doña Carmen Cartagena . . . sold said property on condition of redemption, to the plaintiff," and alleges that those words are an acceptance by the defendant, that the contract was really one of sale; and that the deed says that the contract was one of sale. In our opinion, those words merely express that Carmen Cartagena had executed

the deed in question. Those two statements—in the stipulation and in the deed—prove, beyond doubt, that Carmen Cartagena did sell a house to Dionisio Feliciano on condition. The next statement, that he has never taken possession of the house, creates a statutory presumption according to section 1410 of the Civil Code. From the stipulation or the deed there is nothing to destroy this presumption.

■ It is accepted that this was not a loan made by Feliciano to the vendor. But the debt between Feliciano and Rosado (which was assumed by Rosado's mother, the grantor) was as liable to be secured by mortgage as a fresh debt. So, the point made cannot destroy the presumption.

The appellant maintains that the real issue is whether the owner of a house upon whose title there is a condition of reversion may sue at unlawful detainer. If the contract had stood as a contract of sale, the condition would not be a bar to his bringing action, since he would be the owner, and the right of the other party merely potential. But since his contract must be considered as a mortgage, he is not an owner and has no right to sue at unlawful detainer.

■ The other question raised by the appellant is that Rosado had no right to attack the contract since he was not a party to it.

According to the stipulation, Rosado had been granted the use of the property by his mother, for some time before the sale was made. He was at least interested in the construction that should be given to the contract.

In any case, if none of these things can be decided by the court because Rosado could not perhaps properly succeed in his defences, the complaint could in any case be dismissed because of the conflict and the plaintiff should be remanded to an ordinary suit.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.